IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LeAnne Culbertson, ) | C/A No.:  3:19-cv-0026-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **JOINT REPORT PURSUANT** |
| v. ) | **TO FED.R.CIV.P. RULE 26(f)** |
| ) | **AND LOCAL RULE 26.03** |
| ) | |
| Leon Lott in his capacity as Sheriff of the ) | |
| Richland County Sheriff's Department and ) | |
| James Gilbert in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to Rule 26(f) and Local Rule 26.03 of the Federal Rules of Civil Procedure, the parties make the following report to the Court:

### RULE 26(f), F.R.C.P.

1. What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

**RESPONSE:**

**All parties' initial disclosures will become due on or before February 25, 2019.**

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**RESPONSE:**

**Discovery in this case will be limited to basic discovery issues. Counsel anticipate conducting the depositions of the parties and any listed fact and expert witnesses, to inquire as to both liability and damages issues, as well as possible defenses. Other**

1

**than these initial disclosures, written discovery requests, and several depositions by the parties, no other discovery is anticipated at this point.**

3.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE:**

**None.**

4.  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:**

**No other orders other than the Court's Scheduling Order.**

## LOCAL RULE 26.03

1.  A short statement of the facts of the case.

**RESPONSE**

**These events took place on December 4, 2016 at approximately 7:00 p.m., at an apartment complex located at 1800 Longcreek Drive in Richland County, South Carolina.**

**At that time, RCSD Deputy James Gilbert observed what appeared to be a domestic disturbance at the incident location. Gilbert responded and encountered non-parties LeAndra Culbertson and Martaiya Valentine engaged in a heated dispute. The encounter escalated and Gilbert became involved with these female subjects in a physical altercation. Plaintiff was present at or about this time and had some level of interaction with Gilbert and the other subjects. Ultimately, Gilbert placed Plaintiff under arrest for Public Disorderly Conduct and Assault and Battery (3rd Degree).**

2.  The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**PLAINTIFF'S WITNESSES:**

**LeAnne Culbertson**

The Plaintiff was in attendance and witnessed a domestic dispute on December 4th, 2016 which later involved the arrest of her sister by the RCSD deputies as identified below as Defendant's witnesses; she also witnessed the same subsequent arrest. Plaintiff is expected to testify as to her knowledge of the events and circumstances on December 4, 2016 which refute Defendants' witnesses claims that her arrest for disorderly conduct and assault and battery on James Gilbert, RCSD deputy, were warranted or lawful.

**DEFENDANTS' WITNESSES:**

**James Gilbert**

This party-Defendant was working as a RCSD deputy at all relevant times. He is expected to testify as to his knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.

**Robert Hook**

This witness was working as a RCSD deputy at all relevant times. He is expected to testify as to his knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.

**Angel Rodriguez**

This witness was working as a RCSD deputy at all relevant times. He is expected to testify as to his knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.

**Carmen Sanchez**

This witness is expected to testify as to her knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.

**Martaiya C. Valentine**

This witness is expected to testify as to her knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.

**LeAndra Culbertson**

**This witness is expected to testify as to her knowledge of the events and circumstances on December 4, 2016 leading up to and including the arrest of Plaintiff.**

**All parties reserve the right to call any of the above listed witnesses and supplement this list, to the extent permissible.**

3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

**No expert witness has been presently identified. However all parties reserve the right to supplement this response in accordance with the Court's Scheduling Order.**

4.      A summary of all claims or defense with statutory and/or case citations supporting the same.

**RESPONSE:**

**SUMMARY OF PLAINTIFF'S CLAIMS:**

**42 U.S.C. § 1983 action for alleged violations of plaintiff's Fourth and Fourteenth Amendment rights.**

**Negligence/Gross Negligence: In order to recover for negligence in South Carolina, the plaintiff must prove by a preponderance of the evidence that the defendant (a) owed a duty of care to the plaintiff, (b) breached that duty by negligent act or omission; and (c) damages proximately resulted from that breach. Carolina Chloride, Inc. v. Richalnd Cnty. 394 S.C. 154, 163, 714 S.E. 2d 869, 873 (2011). Gross negligence is defined as "intentional, onscious failure to do something which it is incumbent upon one to do or the doing f a thing intentionally that one ought not to do." Toney v. LaSalle Bank Nat. Ass'n, 896 F. Supp. 2d 455, 479-80 (D.S.C. 2012) aff'd, 12-2364, 2013 WL 751299 (4th Cir. Feb. 28, 2013) quoting Steinke v. South Carolina Dep't of Labor, Licensing and Regulation, 520 S.E.2d 142, 153 (S.C. 1999).**

**False Imprisonment: To prevail on a claim of false imprisonment, the plaintiff must show: (1) Defendant restrained the plaintiff; (2) the restraint was intentional; and (3) the restraint was unlawful. Andrews v. Piedmont Airlines, 377 S.E.2d 127 (Ct. App. 1989).**

4

**Outrage & Reckless Infliction of Emotional Distress**:  In order to establish a claim for intentional infliction of emotional distress, or outrage, the plaintiffs must establish: (1) the defendant intentionally or recklessly inflicted sever emotional distress, or knew that distress would probably result from his conduct; (2) the defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.  **Gattison v. South Carolina State College**, 318 S.C. 148, 456 S.E.2d 414 (Ct. App. 1996).

**Defamation, Slander & Liable**:  The elements required for a defamation action include: (1) a defamatory meaning; (2) publication with actual or implied malice; (3) falsity; (4) publication by the defendant; (5) the message concerns the plaintiff; (6) legally presumed damages or special damages to the plaintiff.  **Parker v. Evening Post Publ'g Co.**, 317 S.C. 236, 452 S.E.2d 640 (Ct. App. 1994).

**Assault**:  The elements required for assault include: (1) conduct of the defendant places the plaintiff; (2) in reasonable fear of bodily harm.  **Gathers v. Harris Teeter Supermarket**, 282 S.C. 220, 317 S.E.2d 748, 754-55 (Ct. App. 1984).

**Battery**:  The element required for battery is: (1) the infliction of any forcible contact on the person of another.  **Jones v. Winn-Dixie Greenville, Inc.**, 318 S.C. 171, 456 S.E.2d 429 (Ct. App. 1995).

**Malicious Prosecution**:  The elements required for malicious prosecution are: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by or at the instance of, the defendant; (3) termination of such proceedings in plaintiff's favor; favor; (4) defendant's malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage.  **Gaar v. North Myrtle Beach Realty Co.**, 287 S.C. 525, 339 S.E.2d 887 (Ct. App. 1986).

**Negligent Supervision**:  The elements required for negligent supervision are : (1) the employee is on the premises of the employer or using a chattel of the employer; (2) the employer knows or has reason to know of the ability to control the employee; (3) the employer knows or should know of the necessity and opportunity for exercising control.  **Deganhart v. Knights of Columbia**,  309 S.C. 114, 420 S.E.2d 495 (1992).

SUMMARY OF DEFENDANTS' POSITION AND DEFENSES:

As an initial matter, the Defendant Gilbert was acting within the course and scope of his employment and official duties as a Richland County Deputy Sheriff, as well as under the color of state law.

The Defendants assert that they acted appropriately and reasonably at all relevant times and categorically deny that they violated the Plaintiff's constitutional rights.

5

**Moreover, the Defendants submit that adequate probable cause existed to arrest Plaintiff for various criminal charges at the relevant times.**

**The Defendant Sheriff Lott as well as Gilbert in his official capacity are not "persons" amenable to suit under 42 U.S.C. § 1983.  The Complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 as the Defendant Lott cannot be liable pursuant to the principle of *respondent superior*.**

**The Defendant Gilbert at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.  Further, this Defendant's actions was objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.**

**The Defendant Lott alleges that he is entitled to sovereign immunity for all claims for punitive damages.  Punitive damages are not recoverable under 42 U.S.C. § 1983 against the Sheriff of Richland County, as an entity, pursuant to *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 101 S.Ct. 2748 (1981).**

**To the extent that any state causes of action are asserted against them, the Defendants allege that they are immune from any and all claims for punitive damages since such damages are not recoverable against a governmental entity under South Carolina or federal common law or under the South Carolina Tort Claims Act, §15-78-10 *et seq.***

**There is no joint and several liability against the Defendants, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended and, therefore, all references to joint and several liability should be stricken from the Plaintiff's Complaint.  That as to the Plaintiff's cause of action for outrage or the intentional infliction of emotional distress, the Defendants allege that such claim is barred by §15-78-30(f) of the South Carolina Code of Laws as amended.**

**Upon information and belief, some or all of the Plaintiff's claims are not ripe for adjudication.  Some of the Plaintiff's claims are brought pursuant to state statutes that do not create a private right of action.**

**The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff which is more than the Defendants' negligence, and that such is a complete bar to the Plaintiff's recovery herein.  Further, the Defendants, upon information and belief, alleges that if the Plaintiff's negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of the Defendants, so as to apportion the relative fault as to each party.**

**The Defendants allege, upon information and belief, that any alleged defamatory statements were made in accordance with an absolute privilege or qualified privilege and, therefore, such claims of the Plaintiff are barred by such privilege.  As to the defamation cause of action, the Defendants assert truth as a defense.**

6

**The extent of any alleged damages are not yet known and, when learned, such may give rise to additional defenses.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**RESPONSE:**

**The parties are requesting amendment to the initial scheduling order and are jointly filing an amended scheduling order.**

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduled Order.

**RESPONSE:**

**The parties do not anticipate special circumstances which would affect the Court's Scheduling Order.**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**RESPONSE:**

**Not applicable.**

*[Signature blocks on following page]*

        Respectfully submitted,

        TRULUCK LAW FIRM

BY:   *s/ Chris S. Truluck*
       Chris S. Truluck
       Federal I.D. No. 12138
       1720 Main Street, Suite 104
       Columbia, South Carolina 29201
       T: (803) 556-7285
       F: (843) 620-0502
       ctruluck@trulucklawfirm.com

*Counsel for the Plaintiff*

-   AND   -

CROWE LAFAVE, LLC

BY:   *s/ Robert D. Garfield*
       ROBERT D. GARFIELD
       Federal I.D. No. 7799
       Post Office Box 1149
       Columbia, South Carolina 29202
       T: (803) 999-1225
       F: (803) 848-8157
       robert@crowelafave.com

*Counsel for the Defendants*

Columbia, South Carolina

February 11, 2019