

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LEANNE CULBERTSON, | § |
| | § |
| vs. | §   CIVIL ACTION NO. 3:19-26-MGL-PJG |
| | § |
| LEON LOTT, *in his capacity as Sheriff of the* | § |
| *Richland County Sheriff's Department*; JAMES | § |
| GILBERT, *in his individual capacity*, | § |
| Defendants. | § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S FEDERAL CLAIMS**

**I.     INTRODUCTION**

Plaintiff LeAnne Culbertson filed this case pursuant to 42 U.S.C. §1983 against Defendants Leon Lott, in his capacity as Sheriff of the Richland County Sheriff's Department, and Richland County Deputy James Gilbert (Gilbert), in his individual capacity (collectively, Defendants).  She alleges violations of the Fourth and Fourteenth Amendments, as well as several state law causes of action.  The parties are represented by excellent counsel.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court (1) grant Defendants' motion for summary judgment as to Culbertson's federal claims, (2) decline to exercise supplemental jurisdiction over Culbertson's state claims, and (3) remand those state claims to the Richland County Court of

Common Pleas. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.     FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge filed the Report on July 17, 2020, Culbertson filed her objections on July 31, 2020, Defendants filed their reply on August 14, 2020, Culbertson filed her supplemental objections on August 19, 2020, and Defendants filed their reply on August 31, 2020. The Court has reviewed both sets of objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This case involves the December 4, 2016, arrests of Culbertson and her twin sister, LeAndra Culbertson (LeAndra) by the Richland County Sheriff's Department. As more fully detailed in the Report, while Gilbert was arresting LeAndra, Culbertson "tr[ied] to get in the middle of [Leandra and Gilbert]." Culbertson's Deposition at 51:22-23.

Gilbert called for backup; and, when the other officers arrived, Gilbert arrested LeAndra, and Deputy Angel Rodriguez (Rodriguez) arrested Culbertson. Culbertson was charged with public

disorderly conduct and third-degree assault and battery.  Gilbert obtained arrest warrants against Culbertson for those two charges from the Richland County magistrate the next day.

### III.     DISCUSSION AND ANALYSIS

The Court notes that most of the arguments Culbertson makes in her objections are raised for the first time here.  And, although unusual, the Fourth Circuit has stated that, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted). This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." *Id*.

#### A.     *Whether Gilbert directly violated Culbertson's constitutional rights*

In Culbertson's first objection, she argues there is a genuine issue of material fact as to whether Gilbert is liable under Section 1983 for her alleged unlawful seizure.

Culbertson offers four sub parts to her first objection that Gilbert is liable.  In the first one, she contends there is a genuine issue of material fact as to Gilbert's direct personal participation in her arrest.  According to Culbertson, Rodriguez arrested her based on false information Gilbert gave to him concerning her alleged criminal conduct.  Thus, as the argument goes, Gilbert is liable for her purported illegal arrest, absent probable cause, because Rodriguez relied on Gilbert's alleged false statements about Culbertson's supposed misconduct to think he had probable cause to arrest her.

"A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). It then follows that, if there was probable cause to arrest Culbertson, her unlawful seizure claim against Gilbert must fail.

"Probable cause . . . is not a high bar: it requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (citations omitted) (internal quotation marks omitted) (internal alteration marks omitted). Probable cause is "a fluid concept" that is "not readily, or even usefully, reduced to a neat set of legal rules." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018).

An officer has probable cause when, considering the totality of the circumstances, a reasonable person would think that the arrestee committed or was committing a crime. *Id*. Although "probable cause requires more than 'bare suspicion,' it requires less than that evidence necessary to convict." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998).

As Defendants argue, even if there was not probable cause to arrest Culbertson for public disorderly conduct and third-degree assault and battery, there was probable cause to arrest her for, among other things, resisting arrest under S.C. Code Ann. § 16-9-320(A). The Supreme Court has long held that probable cause for an arrest can be based on any uncharged conduct. *See Devenpeck v. Alford*, 543 U.S. 146, 153–56 (2004) (rejecting a rule that would require that the offence establishing probable cause be "closely related" to the offense identified by the officer at the time of arrest).

As per South Carolina's resisting arrest statute, "[i]t is unlawful for a person knowingly and wilfully to oppose or resist a law enforcement officer in serving, executing, or attempting to serve or execute a legal writ or process or to resist an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not. A person

who violates the provisions of this subsection is guilty of a misdemeanor[.]" S.C. Code Ann. § 16-9-320(A).

According to Culbertson's deposition testimony, she "tr[ied] to get in the middle of [Leandra and Gilbert]." Culbertson's Deposition at 51:22-23. I "was really trying to hold [LeAndra] back." *Id*. at 52:16-17. "Like, trying to get her–like, just kind of get her–kind of exclude her from the situation or isolate is a better word. . . . I didn't want anything else to happen to her or for her to do anything else. Because at this point, in my mind, she's going to jail." *Id*. at 52:25-53:6.

Gilbert subsequently told Culbertson to "Get out of the way." But, although Culbertson "complied later[,]" she did not do so "immediately[.]" *Id*. at 54:1-6. When asked why not, Culbertson testified it was "[b]ecause if [she] immediately [got] out of the way, [Leandra is] going to assault [Gilbert] and incur more charges." *Id*. at 34:15-17.

From Culbertson's testimony, it is evident she knew Gilbert was in the process of arresting LeAndra, but she was interfering with and/or resisting the arrest. As such, it is by no means a stretch to say that Gilbert had probable cause to conclude, when considering the totality of the circumstances, that Culbertson was committing a crime by violating the resisting arrest statute, S.C. Code Ann. § 16-9-320(A) (making it "unlawful for a person knowingly and wilfully . . . .to resist an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not"). *Id*. Consequently, the Court concludes there would have been probable cause to arrest Culbertson for resisting arrest, and that is sufficient to justify her December 4, 2016, arrest.

According to Culbertson, Gilbert is also liable for her purported unlawful seizure because Gilbert "further arrested her by placing her in his patrol car after Rodriquez arrested her and delivering her to one of the Sheriff's department substations for processing. Objections at 4. Culbertson, however, offers no legal support for this argument, and the Court has been unable to find

any.  Nevertheless, even if one who transports an arrestee could somehow be found liable for an unlawful seizure, the Court's determination there was probable cause to arrest Culbertson extinguishes such a claim here.

### B.     *Whether Gilbert indirectly violated Culbertson's constitutional rights*

In the other three subparts of this objection, Culbertson attempts to tag Gilbert with Rodriguez's alleged constitutional violation of arresting her without probable cause such that Gilbert allegedly indirectly violated her constitutional rights.  But, as the Court has already concluded, there was no illegal arrest inasmuch as there was probable cause to arrest her.  Nevertheless, for the sake of thoroughness, the Court will briefly address Culbertson's three other theories of liability.

In the second subpart of Culbertson's first objection, Culbertson asserts Gilbert is liable under the theory of integral participation.  *See Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989) (holding that an officer who did not enter an apartment, but stood at the door, armed with his gun, while other officers conducted the search, was nevertheless a "full, active participant" in the search and thus "liable for their integral participation in the violation").

There are at least three problems with this argument.  The obvious one is that Rodriguez had probable cause to arrest Culbertson.  Thus, there is no constitutional violation in which there was any integral participation by Gilbert.  Second, *Melear* appears to cut against the Supreme Court's admonition that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Third, because there appears to be no binding precedent on this Court concerning Culbertson's integral participation theory of liability, it is not clearly established in this circuit that an officer can be liable for a constitutional violation under this theory.  Accordingly, Gilbert would be entitled to qualified immunity on this claim.  *See Edwards v. City of Goldsboro*, 178 F.3d 231,

251 (4th Cir. 1999) ("In determining whether a right was clearly established at the time of the claimed violation, courts in this circuit ordinarily need not look beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state in which the case arose.") (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted).

In the third sub-part of Culbertson's first objection, she maintains a genuine issue of material fact exists as to whether Gilbert is liable under a joint and several liability theory. In Culbertson's complaint, she pled "shared liability and/or joint and several liability between Gilbert and Rodriquez[.]" Objections at 5.

Besides the fact there was probable cause to arrest Culbertson such that there is no joint and several liability to be apportioned, the other flaw is that "[j]oint and several liability applies when there has been a judgment against multiple defendants." *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220–21 (1994). Thus, inasmuch as there is just one defendant, not multiple ones, this theory of liability must fail.

In the fourth sub-part of Culbertson's first objection, she states Gilbert may be found liable on a bystander liability theory. "[B]ystander liability . . . permits relief against an officer who (1) is confronted with a fellow officer's illegal act, (2) possesses the power to prevent it, and (3) chooses not to act[.]" *Brooks v. Johnson*, 924 F.3d 104, 110 (4th Cir. 2019)

According to Culbertson, "Gilbert provided a false narrative to Rodriguez resulting in Plaintiff's detention and her subsequently being seized by Gilbert in the back of Gilbert's patrol car prior to being driven to the processing center." Objections at 6. She further claims that "Gilbert knew that [her] constitutional rights were being violated because he falsely claimed probable cause; Gilbert had a reasonable opportunity to prevent the harm in his ability and duty to properly inform Rodriguez and by electing not to so inform Rodriquez." *Id*.

But, as the Court stated above, there was probable cause to arrest Culbertson. Thus, Culbertson is unable to show that Gilbert was "confronted with a fellow officer's illegal act," *Brooks*, 924 F.3d at 110, of unlawfully arresting her without the requisite probable cause.

Therefore, for these reasons, the Court will overrule Culbertson's first objection.

### C.     *Whether Culbertson has satisfied the elements of her malicious prosecution claim*

In Culbertson's second objection, she asserts that her complaint pleads sufficient facts to meet the requirements of a 42 U.S.C. § 1983 malicious prosecution claim such that a genuine issue exists to survive summary judgment. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).

"To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). The Court's conclusion above that there was probable cause to arrest Culbertson is fatal to this claim.

But again, for the sake of thoroughness, the Court will briefly address Culbertson's claim that her "criminal proceedings terminated in [her] favor." *Id*. In Culbertson's supplemental objections, she cites to *Salley v. Myers*, 971 F.3d 308 (4th Cir. 2020) in support of her argument that they did. In *Salley*, the Fourth Circuit held that '[t]he favorable termination element . . . is satisfied when the criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence." *Id*. at 313 (citation omitted) (internal quotation marks omitted) (internal quotation marks omitted).

"Whether the termination of a criminal case is consistent with a defendant's innocence depends on the nature and circumstances of the termination." *Id*. 313 (citation omitted) (internal quotation marks omitted). "In other words, the circumstances surrounding the abandonment of the

criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Id*. 313 (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted).

Culbertson states that her "charges were subsequently favorably dismissed and/or nolle prosed on the record before the magistrate court on or about March 27, 2018.  Alternatively, Defendants have failed to provide any evidence tending to establish [Culbertson's] charges were anything but favorably dismissed." Objections at 9 (citations omitted) (emphasis omitted).

But, Culbertson presents neither any evidence nor any argument that Culbertson's charge was "disposed of in a way that indicates [her] innocence." *Salley*, 971 F.3d at 313  (citation omitted) (internal quotation marks omitted) (internal quotation marks omitted).  Thus, the Court will also overrule this objection.

### D.     Whether Culbertson has established an excessive force claim

In Culbertson's third objection, she "refers this Court to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment for her arguments regarding excessive force." Objections at 9 (citation omitted).  In so doing, Culbertson has failed to bring any specific objections concerning the Magistrate Judge's treatment of her excessive force claim.

The Court need not conduct a de novo review of the record when, as here, "a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court, instead, reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

9

Consequently, because Culbertson neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Culbertson's objections concerning her excessive force claim and accepting the Magistrate Judge's recommendation to grant summary judgment on it.

Further, inasmuch as the Magistrate Judge warned Culbertson of the consequences of failing to file specific objections, Report at 12, she has waived appellate review on this issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

## VI.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Culbertson's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court (1) Defendants' motion for summary judgment is **GRANTED** as to Culbertson's federal claims, (2) the Court declines to exercise supplemental jurisdiction over Culbertson's state law claims, and (3) those state claims are **REMANDED** to the Richland County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 3rd day of March, 2021, in Columbia, South Carolina.

/s/ Mary GEIGER. Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

11